## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria, Division

In re:

Phillip J. Fetner                                                                    Case No. 17-13036-KHK
        Debtor                                                                      Chapter 7

_____

Kevin R. McCarthy                                                               Adversary Proceeding
                                                                      No. 19-1039-KHK
        Plaintiff
v.

Hotel Street Capital, LLC et.al,

        Defendants

## **MEMORANDUM OPINION**

Before the Court is Philip Jay Fetner's ("Fetner" or "debtor") Motion to Approve Debtor's Motion for Recusal ("Recusal Motion"). (Docket. No. 98). Creditor Hotel Street Capital, LLC has filed an Objection to the recusal motion. (Docket. No. 103). For the reasons that follow, this motion will be DENIED.

### Background

Mr. Fetner filed a petition under Chapter 11 of the Bankruptcy Code on Sept. 7, 2017. His schedules list $7,629,496 in assets, including $2,498,996 in claims against third parties and a $5,000,000 equitable interest in a limited partnership he controls that owns the property known as Coachman Farms where the debtor resides.[1] (Docket No.14). His schedules list no secured creditors and $3,698,621.80 in unsecured claims; all of the listed claims are disputed except for

---

[1] The debtor is the Trustee and sole Beneficiary of Jay's Trust B U/I William W. Fetner Trust dated August 15, 2000 which, as Limited Partner, owns 99% of the PJF Limited Partnership. The debtor, as General Partner, owns 1% of PJF Limited Partnership.

1

two claims valued at under $36,000. *Id*. Three creditors have submitted proofs of claims in the case asserting a secured interest in Coachman Farms. Their claims total $2,716,919.95. The remaining unsecured claims are valued at $852,757.98 in total. *See* Proofs of Claim Nos. 1-6.

On February 5, 2018, the Court entered an Order which granted the debtor's uncontested motion to extend the exclusivity period to file a plan of reorganization to June 5, 2018. Mr. Fetner's second motion to extend the exclusivity period was hotly contested by his creditors and on July 16, 2018, the Court entered an Order denying the debtor's request.[2] (Docket No. 94).

On August 14, 2018, a creditor in the case filed a disclosure statement and plan that was never confirmed. (Docket No. 114). Eight months later, Mr. Fetner filed a disclosure statement and plan. (Docket No. 197). On May 30, 2019, the Court entered an Order denying approval of the disclosure statement filed by the debtor because it: (1) proposed to modify the terms of loans secured by the debtor's principal residence; (2) provided for an improper release of a federal tax lien; and (3) failed to provide proper treatment of administrative claims in the case.[3] (Docket No. 213).

The Court held a hearing on the U.S. Trustee's Motion to Convert this case to a chapter 7 case on June 11, 2019 and determined that the debtor lacked sufficient monthly income to support the projected plan payments that would begin if the plan were confirmed. The Court also found that the timeline for future income streams was obscure and that the debtor had grossly

---

[2] Mr. Fetner appealed the Order denying his second motion to extend the exclusivity period to file a plan. Docket No. 94. On September 26, 2019, the U. S. District Court affirmed the Bankruptcy Court's decision. *See Fetner v. Hotel Street Capital, et al.*, Case No.: 18-cv-00933. Mr. Fetner has appealed the matter to the 4th Cir. Court of Appeals where it is now pending as Case No. 19-3219.

[3] Mr. Fetner appealed the Order rejecting the proposed Chapter 11 disclosure statement. (Docket No. 213). On September 9, 2019, the U.S. District Court dismissed the appeal for lack of jurisdiction. *See Fetner v. Fitzgerald*, Case No.: 19-cv-00780. Mr. Fetner appealed the dismissal to the 4th Cir. Court of Appeals where it is now pending as Case No. 19-2305.

mismanaged his estate. For these reasons, the Court entered an Order converting the case to chapter 7 on June 13, 2019.[4] (Docket No. 225).

While the bankruptcy was still pending under chapter 11, Mr. Fetner filed a state court action against several parties and their counsel, including parties that are creditors in this case. The Complaint included claims for legal malpractice, breaches of contract, conspiracy, defamation, fraud, RICO violations and other tort claims. That matter was removed to this Court on March 25, 2019. (Adversary Proc. ("AP") No. 19-1039, Docket 1). At the conclusion of hearings on motions to dismiss the Complaint filed by several defendants, this Court dismissed Counts XIII and IV of the Complaint and took the remaining twelve Counts under advisement. (AP Docket Nos. 36-42). Thereafter, on August 30, 2019, the Court entered an Order Granting Motion to Substitute Kevin McCarthy, Chapter 7 Trustee as Plaintiff in the adversary proceeding.[5] (AP Docket No. 82).

Standard of Review

28 U.S.C.A. §455(b) provides that any judge of the United States shall disqualify himself where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

When considering a motion to recuse brought under 28 U.S.C. § 455, a court must apply the objective standard of whether a reasonable observer "with knowledge of all of the

---

[4] Mr. Fetner appealed the Order converting the case from Chapter 11 to Chapter 7 (Docket No. 225). On September 9, 2019, the U.S. District Court granted the U.S. Trustee's Motion to Dismiss his Appeal. *See Fetner v. Wilmington Savings Fund Society,* Case No.: 19-cv-00899. Mr. Fetner appealed the dismissal to the 4th Cir. Court of Appeals where it is now pending as Case No. 19-2303.

[5] Mr. Fetner appealed the Order granting the motion to substitute the chapter 7 trustee as plaintiff in the adversary proceeding (AP Docket No. 82). On February 10, 2020, the U.S. District Court dismissed the appeal. *See Fetner v. McCarthy,* Case No.: 19-cv-01178. The deadline to appeal the dismissal is March 10, 2020.

circumstances might reasonably question the judge's impartiality." In re Beard, 811 F.2d 818, 827 (4th Cir.1987) (citing Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir.1978).

## Discussion

Several pertinent cases address the issue of recusal. In Liteky v. United States, the Supreme Court held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceeding, or prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . they are proper grounds for appeal, not for recusal." *Id*. at 555. Judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women sometimes display, even after having been confirmed as federal judges," do not establish bias or partiality. *Id.* at 555-56. Similarly, "a judge's ordinary efforts at courtroom administration . . . are immune" from disqualifications motions. *Id*. at 556.

In In re Loy, the court found the debtor's allegations regarding the impartiality of the judge amounted to nothing more than disagreements and complaints about rulings issued within the context of the debtor's chapter 7 case. "That alone, pursuant to the statutes and case law, is insufficient as grounds for recusal." In re Loy, No. 07-51040-FJS, 2011 WL 5118462, at*2 (Bankr. E.D. Va. 2011).

In E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., the court held that "in weighing recusal, the trial judge must carefully weigh the policy of promoting public confidence in the

4

judiciary against the possibility that those questioning his impartiality simply might be trying to avoid what they apprehend may be an adverse ruling." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 847 F. Supp. 2d 843, 861 (E.D. Va. 2012) (citing In re United States, 666 F.2d 690, 695 (1st Cir. 1981).

In United States v. Farkas, Judge Brinkema held that a judge is entrusted with discretion in the first instance to determine whether to disqualify herself "because the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." United States v. Farkas, 149 F. Supp. 3d 685, 691 (E.D. Va. 2016), aff'd, 669 F. App'x 122 (4th Cir. 2016). This is especially true when that judge has presided over a lengthy proceeding. *Id*. Moreover, "a court is not bound to accept the movant's factual allegations within the motion as true." Beard, 811 F.2d at 827.

When the debtor filed this case, the mortgage payments owed to the lender in the first position on the property he occupies were nearly four years in arrears. (Proof of Claim No. 2-1). While in Chapter 11, Mr. Fetner's monthly operating reports indicate he made no payments to that lender. Throughout this case, the debtor has maintained that, even though he controls the entities that own his residence, he has no more than an equitable interest in Coachman Farms and therefore it should not be treated as property of the bankruptcy estate. However, he treated the property as his own when, in his disclosure statement he proposed to offer the property as security for his promise to pay the creditors whose claims he continues to dispute. In other words, the debtor intended to keep enjoying all of the benefits of owning Coachman Farms without acknowledging in his plan the rights of those creditors and without a firm commitment to pay for his residence. This behavior is inconsistent with the conduct of the poor but honest debtor that the Bankruptcy Code is designed to protect.

To his credit, Mr. Fetner admits in his recusal motion that he has no suspicion or evidence of "hard" corruption by this Court. Instead, he accuses the Court of "soft corruption", "soft bias", and manipulating the bankruptcy process to achieve a predetermined result, that of liquidating the only tangible asset of value in this estate to pay his creditors. However, in retrospect his argument fails. There was no rush to liquidate. In fact, even though the assets of this case are no longer under the debtor's control, Coachman Farms remains a part of the estate, and to date, the trustee has made no attempt to market the property while he pursues other potential assets. Ultimately, Mr. Fetner had more than one and one-half years to show his creditors and the Court that he could propose a confirmable plan that would allow him to pay his just debts. He simply failed to do so, and the consequence of his failure was conversion of the case to chapter 7.

Finally, even though the debtor has exercised his right to appeal several Orders of this Court, those Orders have been affirmed or his appeals have been dismissed by the U. S. District Court. It remains to be seen whether the 4th Circuit Court of Appeals will reverse any of the District Court's decisions.

In conclusion, Mr. Fetner presents no facts or objective arguments that reasonably demonstrate this Court's prejudice or bias in this case. "[W]hen there is no reasonable basis for questioning a judge's impartiality, it is improper for the presiding judge to recuse himself." Wallace v. Baylouny, No. 1:16-CV-0047, 2016 WL 2868865, at *4 (E.D. Va. May 17, 2016) (quoting Kidd v. Dalkon Shield Claimants Trust, 215 B.R. 106, 109 (citing United States v. Glick, 946 F.2d 335, 336-37 (4th Cir. 1991)) . Accordingly, the Court will deny the recusal motion.

The Court will enter an order consistent with this memorandum opinion.

Date: Mar 5 2020

/s/ Klinette H. Kindred
Klinette H. Kindred
United States Bankruptcy Judge

Entered on Docket: March 5, 2020

6

**Copy to:**

Phillip J. Fetner
7676 Stoney Hill Lane
The Plains, VA 20198

**Electronic copies to:**

John T. Donelan
Jack Frankel
Bradford F. Englander
Kevin R. McCarthy
Jeffrey H. Geiger
Klementina V. Pavlova
John E. Coffey
Madeline A. Trainer
Michelle B. Jessee
William L. Mitchell, II
William D. Ashwell
Rebecca L. Dannenberg